IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROLAND FUENTES, JR., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.: 15:15-CV-1010 |
| § | |
| CITY OF SAN ANTONIO FIRE DEPARTMENT § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, Title I of the Civil Rights Act of 1991, and the Genetic Information Act of 2008 ("GINA"), to correct unlawful employment practices on the basis of national origin, Hispanic, retaliation, and genetic information, and to provide appropriate relief for Roland Fuentes, Jr., who was adversely affected by such practices. Roland Fuentes, Jr., was subjected to unlawful discrimination when he was assigned to an alternate duty in supply and logistics with a loss of overtime pay within Defendant, City of San Antonio Fire Department (hereinafter "SAFD").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a; and Section 207(a) of the GINA which incorporates by reference 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, Roland Fuentes, Jr., (hereinafter "Fuentes"), is currently in the employ of Defendant SAFD, and lives in San Antonio, Bexar County, Texas.

4. At all relevant times, Defendant SAFD is an agency of the City of San Antonio, and is a "person" and "employer" within the meaning of Section 701(a),(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(a),(b), (g), and (h); and Section 201(B) of the GINA which incorporates by reference Section 701(a),(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(a),(b), (g), and (h). Defendant SAFD may be served by serving the City of San Antonio City Clerk's Office, City Hall, Military Plaza, 2nd Floor, San Antonio, Texas, 78205.

## STATEMENT OF CLAIMS

5. More than thirty days prior to the institution of this lawsuit, Roland Fuentes, Jr., filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII and the GINA by Defendant, SAFD. All conditions precedent to the institution of this lawsuit have been fulfilled.

6. Since on or about February 25, 2012, and to the present, Defendant, SAFD, has engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a); and in violation of Section 202(a) and (b) of the GINA, Pub. L. 110-233, Stat. 881. The unlawful practices under Title VII and the GINA were to subject Roland Fuentes, Jr., to harassment and discrimination based on his national origin, Hispanic, in retaliation for having engaged in a protected activity, and his refusal to provide potential genetic information.

**FACTUAL BACKGROUND**

7.     Plaintiff Roland Fuentes, Jr., a Hispanic male, has been a paramedic with Defendant SAFD for several years until February 25, 2012, when Plaintiff was assigned to an alternate duty position in supply and logistics.

In October 2002, Article 28, Sec. 4 of the Collective Bargaining Agreement (CBA) between the firefighters and the City of San Antonio provides for a "mandatory" wellness program for all employees, which is not "punitive" in nature. However, Defendant did not implement a wellness program until June, 2011. Specifically, on June 23, 2011, EMS personnel, such as Plaintiff, were ordered to prepare for their upcoming wellness physical by reporting to the SAFD Wellness Center for various lab work. On February 25, 2012, Plaintiff refused to participate in the wellness program because of concerns of releasing protected personal health information.

On February 25, 2012, Plaintiff was assigned duties in supply and logistics, without a loss in pay, but with a significant loss in overtime opportunities. The SAFD General Order governing the Wellness Program provides for an employee to use his personal care physician (PCP). In May 2012, Plaintiff exercised his right under that provision and went to his PCP for the blood and lab work, and his physical, and was subsequently reassigned as a paramedic. However, Plaintiff refused to provide the results of that physical exam to Defendant. On June 6, 2012, Captain Joseph Herman informed Plaintiff he [Plaintiff] was reassigned to supply and logistics.

**EMPLOYMENT DISCRIMINATION UNDER TITLE VII**

8.     Roland Fuentes, Jr., alleges that he was unlawfully discriminated against on February 25, 2012, when he was assigned to alternate duty resulting in a loss of overtime pay. Another Hispanic male, and paramedic Alfred Ortiz, III, was reassigned to "alternative duties" on February 17, 2012, when he refused to participate in the mandatory wellness program. In contrast, an

Anglo male, B.T. McEnery, who also refused to participate in the "mandatory" wellness program, was not disciplined for non-compliance and was not assigned to alternate duty as a result of his non-compliance. In fact, McEnery was promoted following his non-compliance. This establishes a prima facie case of disparate treatment based on Plaintiff's national origin, Hispanic.

## EMPLOYMENT DISCRIMINATION UNDER THE GINA

9.   Roland Fuentes, Jr., alleges that he was unlawfully discriminated against on February 25, 2012, and then again on June 6, 2012, when he was assigned to supply and logistics duty resulting in a loss of overtime pay in violation of Section 202(b) where it is unlawful for an employer to request, require, or purchase genetic information with respect to an employee or a family member. The exceptions include

> (A) where health or genetic services are offered by the employer, including such services offered as part of a wellness program; (B) the employee provides prior, knowing, voluntary, and written authorization; (C) only the employee…and the licensed health professional…involved in providing such services receive individually identifiable information concerning the results of such services; and (D) any individually identifiable genetic information provided under paragraph (C) in connection with services provided under paragraph (A) is only available for purposes of such services and shall not be disclosed to the employer except in aggregate terms that do not disclose the identity of specific employees.

GINA requires that employers get "prior, knowing, voluntary, and written authorization" by the employee before the employee may participate in an employer-administered wellness program. GINA provides that it is unlawful of the employer to request or require such employee genetic information unless the above criteria are met. If the above criteria are not met, the employer is in violation of GINA for requesting or requiring such information. Therefore, Defendant SAFD is in violation for requiring Plaintiff to provide personal health information without voluntary and written authorization.

Second, Defendant SAFD is in violation of the GINA for its retaliation against Plaintiff for

his non-compliance with its unlawful wellness program.  Section 207(f) of the GINA prohibits the employer from retaliating against employees for complaining of violations of the GINA.  In this case, Plaintiff engaged in a protected activity when he complained of violations of the GINA on February 25, 2012, and again in May 2012, and was subsequently assigned to a punitive "alternate" duty assignment in supply and logistics for his non-compliance with the unlawful policy regarding disclosure of personal health information.  Plaintiff is able to establish a prima facie case of discrimination based on his engagement in a protected activity pursuant to Section 207(f) of the GINA.

These actions by SAFD are discriminatory in nature and are based on Plaintiff's national origin, Hispanic, for not releasing his potential genetic information, and in retaliation for having engaged in a protected activity.  The effect of the practices complained of in paragraphs 7, 8 and 9 above has been to deprive Roland Fuentes, Jr., of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his national origin, Hispanic, for not releasing his potential genetic information, and for having engaged in a protected activity.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Roland Fuentes, Jr., respectfully requests that this Court:

A.  Order Defendant SAFD to make whole Roland Fuentes, Jr., by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

B.  Order the Defendant SAFD to make whole Roland Fuentes, Jr., by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 9, including, but not limited to, medical expenses in amounts to be determined at trial;

C.   Order the Defendants SAFD to make whole Roland Fuentes, Jr., by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 9 above, including, but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

D.   Award the Plaintiff attorneys fees and his costs in this action; and

E.   Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Respectfully submitted,

FORTE & PITTARD, PLLC
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone:   (210) 678-3075
Telecopier: (210) 820-2609
Email: chrisp@forteandpittardlawfirm.com


By: /s/ R. Chris Pittard
R. CHRIS PITTARD
Texas State Bar No. 00794465

ATTORNEYS FOR PLAINTIFF